Veryzer v. American International Life

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of October, two thousand thirteen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

ROBERT VERYZER, Ph.D.,

                    *Plaintiff-Appellant*,

            -v-                                         13-262-cv

AMERICAN INTERNATIONAL LIFE ASSURANCE
COMPANY OF NEW YORK,[1]

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Alan C. Milstein, Sherman, Silverstein, Kohl, Rose &
                             Podolsky, P.A., Moorestown, N.J.

Appearing for Appellee:      Robert P. Lesko, Wilson Elser Moskowitz Edelman & Dicker
                             LLP, Florham Park, NJ

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Robert Veryzer appeals from the December 27, 2012 opinion and order of the United States District Court for the Southern District of New York (Berman, *J.*) granting the motion for summary judgment made by defendant American International Life Assurance Company ("AI Life") and denying his cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This appeal returns to our Court following our April 11, 2012 summary order remanding this matter to the district court to consider certain decisions of the vaccine court, which were not part of the record before it when it rendered its first decision. *Veryzer v. Am. Int'l Life Assurance Co. of N.Y.*, 468 F. App'x 72 (2d Cir. April 11, 2012). On remand, the district court was free to "exercise its discretion to remand to the administrator to consider additional evidence in making its claims determination, allowing both parties to supplement the record as each sees fit." *Id.* at 73.

Both parties supplemented the administrative record on remand, and AI Life again concluded Veryzer was not eligible for benefits beyond the 24 months of benefits paid out under the policy's mental illness benefits provision. Both parties then moved for summary judgment in the district court. The district court granted AI Life's motion and denied Veryzer's motion. *Veryzer v. Am. Int'l Life Assur. Co. of N.Y.* ("*Veryzer III*"), Docket No. 09-civ.8229(RMB), 2012 WL 6720932 (S.D.N.Y. Dec. 27, 2012). Based on the amended record before it, the district court concluded that AI Life did not act in an arbitrary or capricious manner by limiting Veryzer's benefits to the 24 months provided for in the policy's "mental illness" provision. The district court found that "[t]he substantial medical evidence cited . . . supports the AI Life Claim Center's determination that Veryzer suffered from a psychological, behavioral or emotional disorder, i.e. ailment of the mind." *Id.* at *3.

We affirm, substantially for the reasons set forth in the district court's thorough and well-reasoned opinion. The policy only pays benefits to those disabled as a result of mental illness for "a total of 24 months." The policy defines "mental illness" as a "psychological, behavioral, or emotional disorder or ailment of the mind." The mental illness benefit limitation applies absent "demonstrable structural brain damage." The plan administrator's determination that Veryzer's condition fell within the policy's definition of "mental illness" was not arbitrary and capricious. *See Fuller v. J.P. Morgan Chase & Co.*, 423 F.3d 104, 106-07 (2d Cir. 2005) (under policy, where disability arises from mental illness, "it is neither arbitrary nor capricious to limit [] benefits, regardless of whether that disorder in turn has a physical cause"). As the district court properly found, the record is replete with evidence that Veryzer's symptoms "reflect[] an ailment of the mind." *Veryzer III*, 2012 WL 6720932, at *3.

Nor can it be said that the plan administrator's determination that Veryzer's condition cannot be attributed to "demonstrable structural brain damage" is arbitrary and capricious. Even

assuming arguendo that the mercury poisoning theory proffered by Veryzer's supporting physicians would support a theory of "structural brain damage," the scientific basis for that theory was subject to substantial challenge by experts consulted by AI Life, and the plan administrator's position with regards to a highly-contested scientific controversy cannot be regarded as arbitrary and capricious.

       We have examined the remainder of Veryzer's arguments and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each party shall bear its own costs.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk